IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



LISA BARRIGAN,  )
              )
    Plaintiff, )
              )
v.            )   Civil Action No. 07-0951
              )
ELITE FUNDING, et al., )
              )
              )
    Defendants. )
              )

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Elite Funding and Defendant Decision One's Motions for Summary Judgment, see Fed. R. Civ. P. 56(b), Plaintiff's Motion for Leave to File Surreply, and Plaintiff's Motion for Relief Under FRCP 36B.

Plaintiff resides in Bristow, Virginia, and is the record owner of 12481 Hayes Court, Unit 303, Fairfax, Virginia ("Fairfax property"). Defendant Elite Funding (a/k/a Tenacity Mortgage) was the mortgage broker Plaintiff used to purchase the Fairfax property. Defendant Decision One was the mortgage lender used to finance Plaintiff's purchase of the same property.

In the summer of 2005, Plaintiff engaged a mortgage broker named Thomas Tamm ("Tamm") in order to purchase a home. Tamm was employed by Elite Funding. During their initial conversation on

or about July 11, Tamm asked Plaintiff for basic financial information and told her that she could obtain 100% financing through two separate loans; one loan at 6% interest rate would account for 80% of the cost, and the second loan at 9% interest would account for the remaining 20% of the cost of the house. Based on this preliminary information, Tamm pre-approved Plaintiff for a mortgage up to $450,000 and told Plaintiff that she would have a monthly payment of $2,000 total for both loans.

In August 2005, Plaintiff decided to purchase the Fairfax property which had an asking price of $375,000. On August 15, Plaintiff signed a sales contract to purchase the property for $366,500, and on that same day Tamm provided Plaintiff's realtor with a "Mortgage Pre-Approval Letter." This letter stated that the interest rate was "TBD."

On August 26, Tamm met with Plaintiff and presented her with a variety of loan documents that stated differing estimates for her loan and different rates than previously estimated. Specifically, Plaintiff signed two Good Faith Estimate documents for the two separate loans; the estimate for the primary loan was in the amount of $293,200 with an interest rate of 6.940%, and the secondary loan was in the amount of $73,300 with an interest rate of 11.250%. Both loans would carry a 2% prepayment penalty. These Good Faith Estimates indicated that Plaintiff would be required to pay approximately $2,400 in monthly payments without

including taxes and fees. In contrast to these figures, Plaintiff also signed at least two documents, a Rate Float Agreement and a Loan Application, which stated a 6.090% interest rate on the primary loan without a prepayment penalty.

On September 13, 2005, Tamm informed Plaintiff that the rates on her loans would be consistent with the figures listed in the Good Faith Estimates that Plaintiff signed on August 26. Specifically, the primary loan would be for $293,200 at a 6.94% interest rate, the secondary loan would be for $73,300 at an interest rate of 11.250%, and both loans would carry a 2% prepayment penalty. The total monthly payment on these loans would be $2,400 exclusive of taxes and fees.

On September 20, 2005, Plaintiff signed the loans that Tamm described on September 13.

On September 20, 2007, Plaintiff filed this lawsuit. Plaintiff's Amended Complaint, filed on April 25, 2008, alleged the following six counts against Defendants: (1) Fraud, (2) Negligent Misrepresentation, (3) Negligent Hiring, Training, Supervision, and/or Retention, (4) Violation of Va. Code Sec. 59.1 200, Virginia Mortgage Lender Broker Act, (5) Breach of Fiduciary Duty, and (6) injunctive and declaratory relief. Only claims (1), (2), and (5) remain, and Defendants seek Summary Judgment on all three claims.

Pursuant to Rule 56(c), this Court must grant summary

judgment if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, this Court views the facts in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party then has the burden of showing that a genuine dispute as to any material fact does exist. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 248. "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Plaintiff's claims do not survive Defendants' challenges that this suit was brought after the statute of limitations had expired. Virginia law requires that claims arising from fraud

4

must "be brought within two years after the cause of action accrues." VA. CODE ANN. § 8.01-243(A) (2007)(stating that this limitation applies to "every action for damages resulting from fraud"). This limitation applies to both Plaintiff's fraud and negligent misrepresentation claims. <u>Hansen v. Stanley Martin Companies</u>, 585 S.E.2d 567, 573 n.4 (Va. 2003) ("Negligent misrepresentation is the essence of a claim for constructive fraud in Virginia." (citing <u>Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.</u>, 507 S.E.2d 344, 347 (Va. 1998)). A cause of action for fraud accrues when the plaintiff discovered, or using due diligence should have discovered, the fraud. VA. CODE ANN. § 8.01-249(1) (2007). The undisputed facts show that Plaintiff discovered the facts underlying her claims of fraud and negligent misrepresentation no later than September 13, 2005. Plaintiff brought this suit on September 20, 2007, placing her fraud claims beyond the two-year limitation on making such claims.

A claim for the breach of a fiduciary duty in Virginia is subject to a two-year statute of limitations. VA. CODE ANN. § 8.01-248 (2007). Under this Code section, the two-year period begins tolling on the date the injury was sustained. VA. CODE ANN. § 8.01-230 (2007). Plaintiff's breach of fiduciary duty claim asserts that the loan terms shared with Plaintiff on September 13 were not the best loan terms she could have obtained, and that September 13 was too late a date for her to

5

seek alternative funding. Plaintiff's initial injury giving rise to this claim occurred no later than September 13, 2005. Plaintiff brought this suit on September 20, 2007, placing her claim for breach of fiduciary duty beyond the two-year limitation on making such a claim.

Even if Plaintiff's claims were timely filed under their applicable statutes of limitations, Plaintiff has failed to establish any genuine issue of material fact to enable her claims of fraud, negligent misrepresentation, and breach of fiduciary duty to survive summary judgment.

Plaintiff has failed to present evidence that would establish actual fraud. To demonstrate actual fraud under Virginia law, Plaintiff must establish six elements by clear and convincing evidence: "(1) a false representation, (2) of material fact, (3) made intentionally or knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." Prospect Dev. Co. Inc. v. Bershader, 515 S.E.2d 291, 297 (Va. 1999) (citations omitted). Plaintiff was notified of the loan terms contained in the September 20 documents no later than September 13, 2005. Since Tamm accurately represented the final terms to Plaintiff on September 13, there was no misrepresentation of material fact, and Plaintiff could not have been misled by these terms into signing the final loan documents on September 20.

6

Plaintiff alleges that Defendants' July loan estimates were false representations which misled her into signing the final loan agreement. It is a common and lawful practice for mortgage brokers to quote estimated loan terms to potential borrowers which may differ from the final loan terms. In order to establish fraud, Plaintiff must show that a reasonable person would have believed in and relied on the false representations. <u>Evaluation Research Corp. v. Alequin</u>, 439 S.E.2d 387, 390 (Va. 1994). "Additionally, fraud must relate to a present or a pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events." <u>Mortarino v. Consultant Eng'g Services, Inc.</u>, 467 S.E.2d 778, 781 (Va. 1996)(internal punctuation and citation removed). In order to make a showing of fraud in this case, Plaintiff must be able to show that a reasonable person would have relied on the loan estimates as final loan terms. Moreover, Plaintiff must show that this was a reasonable belief even after being notified of the actual final loan terms a week prior to closing. The loan estimates were nothing more than unfulfilled promises or statements as to a future event. Plaintiff has not established reasonable reliance nor any misrepresentation of any material facts and, therefore, has failed to establish any material issue of fraud.

As discussed above, Plaintiff's negligent misrepresentation

7

claim is properly reviewed as a constructive fraud claim.[1] In her complaint, Plaintiff supports her actual and constructive fraud claims with the same evidence, namely, that the loan estimates were fraudulent representations. "Under no circumstances, however, will a promise of future action support a claim of constructive fraud." SuperValu, Inc. v. Johnson, 666 S.E.2d 335, 342 (Va. 2008)(citing Richmond Metro. Auth. v. McDevitt St. Bovis, Inc., 507 S.E.2d 344, 348 (Va. 1998); Colonial Ford Truck Sales v. Schneider, 325 S.E.2d 91, 94 (Va. 1985)). These loan estimates were nothing more than an unfulfilled promise of future action and, therefore, they cannot form the basis for a successful constructive fraud claim.

Plaintiff claims that Defendant Elite Funding, through Tamm, breached a fiduciary duty owed to her as her broker. "As a fiduciary, a broker owes his principal the duty to use utmost

---

[1] Defendant Decision One argues that Virginia does not recognize the tort of negligent misrepresentation and therefore Plaintiff's claim ought to be dismissed as a matter of law. As support for this proposition, Defendant Decision One cites a series of cases from Virginia state and federal courts. Bentley v. Legent Corp., 849 F. Supp. 429 (E.D. Va. 1994), aff'd sub nom. Herman v. Legent Corp., 50 F.3d 6 (4th Cir. 1995); Joyce v. Lincoln Nat'l Life Ins. Co., 845 F. Supp. 353 (E.D. Va. 1993), aff'd sub nom. Joyce v. Benefits Mktg. Group, Inc., 32 F.3d 562 (4th Cir. 1994); Haigh v. Matsushita Elec. Corp. of Am., 676 F. Supp. 1332 (E.D. Va. 1987); JTH Tax, Inc. v. Whitaker, 2007 U.S. Dist. LEXIS 71938 (E.D. Va. Sept. 27, 2007); A.T. Massey Coal Co. v. Rudimex GmbH, 2006 U.S. Dist. LEXIS 1882 (E.D. Va. Jan. 9, 2006). Upon review, while these cases support Defendant Decision One's proposition, none are in a position to guide this Court's decision as they are either unpublished opinions or from a court whose decisions are not binding on this Court.

fidelity to him and must disclose to him all facts within the broker's knowledge which may be material to the transaction, or which might influence the principal in deciding upon a course of action." Firebaugh v. Hanback, 443 S.E.2d 134, 137 (Va. 1994). However, a claim for breach of fiduciary duty fails if the plaintiff is unable to identify a common law fiduciary duty that was breached. Vanguard Military Equip. Corp. v. David B. Finestone Co., Inc., 6 F. Supp. 2d 488, 492 (E.D. Va. 1997). Plaintiff claims that Defendant Elite Funding breached a fiduciary duty owed to Plaintiff to obtain the best mortgage product possible for her. Plaintiff further claims that this duty was breached since Defendant Elite Funding failed to ensure that Plaintiff fully understood the terms of the loan at a time when she had alternative options. However, Plaintiff fails to establish that these actions were a breach of a common law fiduciary duty.

The undisputed facts show that Tamm did in fact obtain the best mortgage he could for Plaintiff based on her credit eligibility. Further, Plaintiff's claim that she would have had better alternatives to the mortgage rates provided by Tamm is too conjectural to support a finding of material fact remaining for trial. The same is true for Plaintiff's claim that once she was informed of the final rates seven days prior to closing she did not have sufficient time to secure alternative funding. In fact,

Plaintiff entered into a Sales Contract on the Fairfax property in August which required her to obtain financing within four days of her signing that contract. Plaintiff has failed to show that a material fact remains for trial on her claim that Defendant Elite Funding breached a fiduciary duty owed to her.

Plaintiff has failed to establish that her claims of fraud and breach of fiduciary duty were timely filed and her claim of negligent misrepresentation fails as a matter of law. Furthermore, even if Plaintiff had timely filed her claims, she has failed to establish any material fact remaining for trial on these claims. For the reasons stated above, Defendant is entitled to summary judgment.

With regards to Plaintiff's Motion for Leave to File Surreply, the issues in this case have been fully briefed and a surreply is not appropriate. Regarding Plaintiff's Motion for Relief Under FRCP 36B, Plaintiff's responses to Decision One's Requests for Admissions will be considered timely filed.

An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
January 6, 2009